LLOYD W. DAVIS v. STATE OF ARKANSAS

5260                                        413 S. W. 2d 634

Opinion delivered April 10, 1967

*Jesse B. Thomas,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* for appellee.

GEORGE ROSE SMITH, Justice. On October 28, 1965, the appellant was convicted of having received the earnings of a prostitute and was sentenced to five years imprisonment. Thereafter he filed in the circuit court an "Appeal for a Writ of Habeas Corpus," which the trial court correctly treated as a petition for post-conviction relief under our Criminal Procedure Rule No. 1. 240 Ark. 1094. The petition asserted that Davis's constitutional rights had been denied in that he was induced to enter a plea of guilty without knowledge of his right to counsel. The trial court, after a hearing, denied the petition on the ground that the proof showed that the petitioner's right to counsel had been fully explained to him before he elected to plead guilty.

There is an abundance of competent proof to support the trial court's finding of fact. The court's original docket entry, made when the plea of guilty was accepted, included a notation that the accused waived the services of an attorney. The court reporter who made a record of that proceeding testified that her notes reflected a statement by Davis that he did not want a lawyer. An attorney who happened to be in the courtroom when the plea of guilty was entered gave similar testimony. The only proof to the contrary at the hearing under Rule 1 was Davis's testimony that the court reporter misunderstood his statement—not that he did not *want* a lawyer but that he did not *have* a lawyer. We conclude that the record amply supports the finding of the trial court.

It is also contended that the court erred in admitting in evidence the affidavit of a police officer, who stated

that in an interview before the arraignment the prosecuting attorney had informed Davis that the court would appoint an attorney for him if he was unable to employ one. When the affidavit was first mentioned at the hearing under Rule 1 counsel for Davis said: "We will have to object to anything other than direct testimony." Nothing more was said about the affidavit until after the testimony of three witnesses had been heard. When the affidavit was finally offered in evidence there was no objection or exception by defense counsel.

The original objection was not a continuing one and should, in fairness to the trial court, have been renewed when the incompetent document was actually offered in evidence. See *New Empire Ins. Co.* v. *Taylor*, 235 Ark. 758, 362 S. W. 2d 4 (1962). The participants in a post-conviction proceeding under Rule 1 need not be expected to observe the same formal rules that have been developed for jury trials upon the basic issue of guilt or innocence, but orderly procedure nevertheless requires that timely objections be made to the rulings of the trial court. It is clearly not the presiding judge's responsibility to interpose objections that the attorneys have not seen fit to make.

On the other hand, we do not imply that the technical precaution of noting exceptions is necessary in hearings conducted under Rule 1. When a criminal case is first heard the saving of an exception serves a good purpose: The objector thereby indicates that he does not acquiesce in the court's adverse ruling and preserves the point for inclusion in his motion for a new trial. Different considerations come into play when the fairness of the original trial is questioned by a petition under Rule 1. Such a petition is in itself in the nature of a motion for a new trial. The goal is to reach the merits of the petition. If it should be shown that the accused's constitutional rights were disregarded at the trial on the merits, there is scant justification for a refusal to set the matter right on the technical ground that no excep-

tion is noted to the overruling of an objection made at the Rule 1 hearing. See *Henry* v. *Mississippi*, 379 U. S. 443 (1965). Lest there be any uncertainty about the matter we are today entering a per curiam order amending Rule 1 to state expressly that the preservation of exceptions is unnecessary in such a proceeding.

Affirmed.